Larry D. Simons CLS-B (CA Bar No. 179239)
*larry@lsimonslaw.com*
**CHAPTER 7 TRUSTEE**
7121 Magnolia Avenue
Riverside, California 92504
Telephone: (951) 686-6300
Facsimile: (951) 742-4733

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION**

| | |
|---|---|
| In re<br><br>HALO SPORTS BAR AND GRILL, INC.,<br><br>    Debtor.<br>———————————————————<br>LARRY D. SIMONS, Solely in his Capacity as Chapter 7 Trustee,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF SAN BERNARDINO, CITY OF HESPERIA<br><br>    Defendants, | Case No. 6:15-bk-14566 SC<br><br>Adv. Proc No.<br><br>Chapter 7<br><br>**COMPLAINT FOR DECLARATORY RELIEF AND DETERMINATION OF VALIDITY OF LIEN(S)**<br><br>DATE: To be set by Summons<br>TIME: To be set by Summons<br>PLACE: Ctrm 126<br>3420 Twelfth Street<br>Riverside, California 92501 |

**TO THE HONORABLE SCOTT CLARKSON, UNITED STATES BANKRUPTCY JUDGE AND DEFENDANT(S):**

For his Complaint for Declaratory Relief (the "Complaint"), against the defendant(s), County of San Bernardino and City of Hesperia (collectively, the "Defendants"), plaintiff, Larry D. Simons, the duly appointed, qualified and acting Chapter 7 Trustee for the estate of the debtor, Halo Sports Bar and Grill, Inc. (the "Debtor"), hereby alleges as follows:

///

///

1
COMPLAINT FOR DECLARATORY RELIEF AND DETERMINATION OF VALIDITY OF LIEN(S)

**Larry D. Simons, Chapter 7 Trustee**
7121 Magnolia Avenue
Riverside, California 92504
TEL. (951) 686-6300 • FAX (951) 742-4733

## STATEMENT OF JRISDICTION, PARTIES AND PROCEEDINGS

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a), as this is a core proceeding under 28 U.S.C. § 157(b)(2)(O). Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a), in that the instant proceeding is related to a case under Title 11 of the United States Code which is still pending.

2. Plaintiff, Larry D. Simons, (the "Trustee" or "Plaintiff") is the duly appointed, qualified and acting Chapter 7 trustee of the bankruptcy estate (the "Estate") created in the instant chapter 7 bankruptcy case pending in the Riverside Division of the Central District of California which is styled *In re Halo Sports Bar and Grill, Inc.*, Case Number 6:15-bk-14566 SC (the "Bankruptcy Case").

3. Halo Sports Bar and Grill, Inc. (the "Debtor") is the debtor in the Bankruptcy Case, and initiated this case by filing a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code on May 6, 2015 (the "Petition Date"). The case was converted to Chapter 7 by court order dated July 21, 2015. Plaintiff was appointed as the trustee after the case was converted to Chapter 7.

4. Plaintiff is informed and believes, and on that basis alleges thereon, that all times mentioned herein, Defendant, County of San Bernardino, (the "County") is a governmental municipality within the jurisdiction of this Court.

5. Plaintiff is informed and believes, and on that basis alleges thereon, that all times mentioned herein, Defendant, City of Hesperia, (the "City") is a governmental municipality within the jurisdiction of this Court.

## GENERAL FACTUAL ALLEGATIONS

6. The instant complaint (the "Complaint") against the Defendants initiates an adversary proceeding in which Plaintiff is seeking a declaratory judgment which determines that certain fees, which Defendants allege are part of their tax liens recorded against the real property located at 17122 Main Street, Hesperia, California 92345 (the "Property") are void. The Complaint also seeks a determination that the amount of property tax sought by the County for 2016 and

2017/2018 was grossly inflated and not owing.

7. As of the Petition Date, Debtor owned the Property.

8. On July 23, 2015, prior to the appointment of Plaintiff, the County obtained relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(4) on account of Debtor's delinquent property taxes related to the Property (the "RFS Motion"). Pursuant to the RFS Motion, the County alleges that Debtor owed in excess of $62,000.00 in delinquent property taxes.

9. The night before the County's scheduled tax sale in August 2015, the physical structure on the Property was destroyed in a fire. Thus after the fire, all that remained at the Property was raw land and a portion of the structure's concrete foundation. As a result of the fire, the County postponed its tax sale to May 13, 2016.

8. Trustee made a claim against the Property insurance issued by Seneca Insurance and upon receipt of funds received pursuant to a compromise motion approved by the Court on **inset date**, wired (the amount demanded by the County) approximately $65,000 to the County in order to redeem the Property and prevent the County's tax sale from going forward (the "Redemption Monies"), thereby saving the Estate's interest in the Property.

9. The County acknowledged receipt of the monies from the Trustee and rescinded its pending tax sale.

10. Trustee thereafter marketed the Property for sale and after accepting an offer to purchase the Property, Trustee filed a motion to sell the Property pursuant to 11 U.S.C. § 363(b) and (f) (the "Sale Motion").

11. The County opposed the Sale Motion alleging that it was owed additional sums as property taxes for the 2016 year despite having received the entire Redemption Monies (the "Sale Opposition") it had demanded. In its Sale Opposition, the County alleged that it was owed not less than $5,200.00 related to 2016 Property Taxes.

12. The County further argued that the 2017-2018 property taxes in the amount of $5,738.31 would also be due on November 10, 2017.

///

13. Trustee sold the Property for $85,000.00 to an unrelated party pursuant to 11 U.S.C. §§ 363(b) and (f). The Court entered an order approving the sale of the Property on October 4, 2017 as docket number 124 (the "Sale Order").

14. Pursuant to the terms of the Sale Order, the County's tax liens, which are listed in the Sale Order at Page 3, lines 11-28; Page 4, lines 2-17; Page 4, lines 21-28; and Page 5, lines 1-10 (the "Tax Liens") have attached to the sales proceeds of the Property to the extent of the validity and priority of their respective liens. A true and correct copy of the Sale Order is attached hereto as Exhibit "1."

15. After the Sale Order became final, Trustee was unable to close escrow on the Sale of the Property due to the Payoff Demand submitted by the County to escrow based upon its Tax Liens. Based upon his inability to close, the Trustee was required to file a motion on shortened notice pursuant to Local Bankruptcy Rule 9075-1 on November 7, 2017 titled, "*Motion for Clarification of Court Order and Request for Withdrawal of Charges Placed on County Tax Bill; Declarations of Stephen F. Biegenzahn and Scott H. Noskin in Support Thereof*" (the "Clarification Motion").

16. In the Clarification Motion, Trustee contended that the County's demand to escrow included items that were not raised by the County prior to the Sale Order being entered. These items were: (1) a Hesperia Code Enforcement Fee in the amount of $11,097.86 and (2) a Community Development Fee in the amount of $6,171.30 (collectively, the "Disputed City Fees").

17. Trustee contends that the Disputed City Fees are neither property taxes nor *ad valorem* taxes that should have been included in the County's payoff demand to escrow and thus should not attach to the Sales Proceeds.

18. The County opposed the Clarification Order, alleging that the City charged the fees to the Estate and that the Disputed City Fees constituted special assessments which are subsequently collected by the County.

///

///

4

COMPLAINT FOR DECLARATORY RELIEF AND DETERMINATION OF VALIDITY OF LIEN(S)

**Larry D. Simons, Chapter 7 Trustee**
7121 Magnolia Avenue
Riverside, California 92504
TEL. (951) 686-6300 • FAX (951) 742-4733

19. After the Court heard Trustee's Clarification Motion, it issued an order on December 14, 2017 directing the Sale of the Property to close (the "Clarification Order"). The Clarification Order directed that the delinquent real property taxes for 2016 be paid along with the undisputed portion of the first installment of the 2017/2018 property taxes. The Clarification Order further directed that the Disputed City Fees not be paid and attach to the net proceeds of the Sale.

20. This Complaint seeks a determination of the validity of the Disputed City Fees and the 2016 property taxes assessed by the County and be returned to the Estate with interest.

## **FIRST CLAIM FOR RELIEF**

**(For Declaratory Relief and Determination of Validity of Lien Against All Defendants)**

21. Plaintiff realleges each and every allegation contained in paragraphs 1 through 20 of this Complaint and, by this reference, incorporates said allegations as though set forth fully herein.

22. An actual controversy has now arisen and now exists between Plaintiff and Defendants concerning the validity of the Disputed City Fees.

23. Plaintiff contends that the Disputed City Fees are void as they are neither real property taxes nor *ad valorem* taxes and therefore they should not attach to the Property. Plaintiff further disputes the legitimacy of the Disputed City Fees.

24. Plaintiff further contends that the County assessed the value of the 2016 Tax Liens against the Property as if it still had improvements on it, despite having prior knowledge that a fire had destroyed the improved buildings and all that remained at the Property location was vacant land, thereby greatly reducing the value of the Property.

25. Plaintiff desires a judicial determination of his rights and duties and a declaration as to whether Plaintiff's or Defendants' interpretation of their respective rights is correct.

**WHEREFORE**, Plaintiff prays for judgment as follows:

1. For a judgment declaring that the Disputed City Fees are void and to extent paid, should be returned to the Estate with interest; and

///

///

2. For a judgment that the amount of property tax that County was paid related to its 2016 taxes was grossly inflated as no improvements existed on the Property and that such funds, if paid should be returned to the Estate with interest; and

3. For costs and fees incurred herein; and

4. For further relief as the Court deems just and proper.

Dated: 02/26/2019

                                           */s/Larry D. Simons*
                                           Larry D. Simons, Chapter 7 Trustee

**Larry D. Simons, Chapter 7 Trustee**
7121 Magnolia Avenue
Riverside, California 92504
TEL. (951) 686-6300 • FAX (951) 742-4733

6
COMPLAINT FOR DECLARATORY RELIEF AND DETERMINATION OF VALIDITY OF LIEN(S)